UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON M. SORIANO,<br><br>          Plaintiff,<br><br>   v.<br><br>M. E. SPEARMAN, et al.,<br><br>          Defendants. | No. 2:17-cv-1617 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Previously, plaintiff's first amended complaint was screened and dismissed with leave to amend for failure to state a claim. Pending now is plaintiff's second amended complaint for review.

**I.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

1

Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.     Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a state prisoner housed at High Desert State Prison ("HDSP") in Susanville, California. He names as defendants M.E. Spearman, HDSP Warden; T. Foss, Chief Deputy Warden; R. St. Andre, HDSP Associate Warden; M. Woong, Chief Officer of Appeals; S. Kelly, Sergeant; G. Speers, Captain; and K. Grether, Facility Captain.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff is a Muslim inmate. As with his previous pleading, plaintiff's second amended complaint is factually sparse. He accuses the defendants, collectively, of requiring Muslim inmates to hold their Friday religious services under "extreme conditions, outside freezing snow, muddy conditions, wet, blowing dust, biting insects."

Plaintiff also attaches a number of documents to his pleading, most of which are institutional responses to an inmate grievance filed by another inmate, Chad Dias. In that

2

grievance, inmate Dias allegedly complained that Muslim inmates have not been allowed use of the outdoor religious grounds in three weeks even though other religious groups have been able to utilize the same grounds. Inmate Dias's grievance appears to have been granted in part at the first level of review by defendant St. Andre; granted in part at the second level of review by defendant Foss; and returned at the third level of review by defendant Voong.

Plaintiff seeks damages and injunctive relief.

## IV. Discussion

### A. Linkage

Section 1983 provides a cause of action for the violation of plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff's amended complaint again fails to include charging allegations specific to any of the defendants. Rather, he claims the defendants, generally, have required Muslim inmates to hold religious ceremonies in "extreme conditions" outside. It remains unclear how and to what extent each named defendant personally participated in the deprivation of plaintiff's rights. It is also unclear why plaintiff has attached institutional responses to a grievance filed by another inmate who is not a party to this action and whose claim differs from that asserted by plaintiff in the body of his pleading.

To the extent that plaintiff alleges liability under § 1983 based on any of the defendants' roles as supervisory officials, the Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official,

////

regardless of his or her title, is only liable for his or her own misconduct. Id. at 677. Accordingly, plaintiff fails to state a claim against any of the defendants in their supervisory capacities.

Plaintiff's second amended complaint is therefore subject to dismissal since it does not contain a "short and plain" statement setting forth the basis for plaintiff's claims (that is, **who did what to plaintiff and how he was harmed**), even though those things are required by Fed. R. Civ. P. 8(a)(1), (a)(2). The court cannot tell what happened to plaintiff, how he was harmed, why he is suing the defendants, or what law gives him a right to sue. Should plaintiff decide to amend, the undersigned will once again set forth the legal standards for what appear to be Eighth Amendment and RLUIPA claims. Plaintiff is forewarned, however, that his failure to specifically identify who did what to violate his rights will likely result in a recommendation that this action be dismissed without leave to amend.

**B.     Inmate Appeals**

Insofar as plaintiff seeks to impose liability on any defendant by virtue of his or her processing of a grievance, he is hereby informed that does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Problems with the grievance process, such as the failure to respond and/or properly process an appeal, does not in and of itself state a violation of constitutional rights. Since plaintiff has neither a liberty interest nor a substantive rights in inmate appeals, he is unable to state a cognizable claim merely for the deficient handling and/or processing of an inmate grievances.

**C.     Religious Land Use and Institutionalized Persons Act**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

4

42 U.S.C. § 2000cc-1(a). Plaintiff must allege facts demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

"RLUIPA does not define 'substantial burden,' but [the Ninth Circuit] has held that 'a substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise.'" Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1124-25 (9th Cir. 2013) (citing San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)). "Generally, the term 'substantial burden' in RLUIPA is construed in light of federal Supreme Court and appellate jurisprudence involving the Free Exercise Clause of the First Amendment prior to the Court's decision in Emp't Div. Dep't of Human Res. of Oregon v. Smith, 494 U.S. 872, 878-82 (1990)." Int'l Church of Foursquare Gospel, 673 F.3d at 1067 (citing Guru Nanak Sikh Soc. Of Yuba City v. County of Sutter, 456 F.3d 978, 988 (9th Cir. 2006)). "In the context of a prisoner's constitutional challenge to institutional policies, this court has held that a substantial burden occurs 'where the state ... denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Hartmann, 707 F.3d at 1124-25 (citing Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)).

### D. Eighth Amendment Conditions of Confinement

The Eighth Amendment protects prisoners from both excessive uses of force and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994), and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).

To allege an Eighth Amendment claim for inhumane conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010). "Deliberate indifference describes a state of mind more blameworthy

than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Plaintiff must demonstrate first that the seriousness of the risk was obvious or provide other circumstantial evidence that defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Lemire, 726 F.3d at 1078 (citing Thomas, 611 F.3d at 1150) (quotation marks omitted).

## V. Conclusion

On review, the undersigned finds that plaintiff's second amended complaint fails to state a claim against any defendant. The court will grant plaintiff an opportunity to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the court that he wishes to stand on his second amended complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). The undersigned then will issue findings and recommendations to dismiss all claims and defendants, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended

complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form and a copy of his second amended complaint, filed December 13, 2017;

2. Within thirty (30) days from the date of this order, plaintiff must file either (a) a third amended complaint curing the deficiencies identified by the court in this order, (b) a notice of voluntary dismissal, or (c) a notice of election to stand on the second amended complaint; and

3. If plaintiff fails to comply with this order, the court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

Dated: January 25, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/sori1617.scrn 2AC

7